# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

EDDIE E. BRILEY, JR.                                                                                      PLAINTIFF

V.                                      NO: 5:10CV00129 JMM/HDY

CLEON MORGAN *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Eddie E. Briley, Jr., currently held at the W.C. Dub Brassell Detention Center, filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on April 29, 2010, naming as Defendants Cleon Morgan and Carothers, both of whom are Jefferson County deputy sheriffs. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

## **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he was in an Arizona jail, when Defendants took custody of him to transport him back to Jefferson County. Plaintiff asserts that Defendants picked him up at approximately 11:00 a.m. on March 19, 2010, and he informed them that he was hungry, and had not yet been fed. Despite Plaintiff's complaints, he was not given any food or water until about 2:30 p.m. Plaintiff claims that he did not receive another meal after that one until March 20, 2010, at approximately 2:00 p.m., which was the last meal Plaintiff received until March 21, 2010, when he arrived at the detention center. Plaintiff also claims that he was not provided drinking water during the ride, and was forced to relieve himself in freezing cold on the side of the highway. Plaintiff alleges that while he was hungry and thirsty on the drive, Defendants were buying and drinking coffee regularly.

Although Plaintiff was not at the detention center at the time of the events at issue, he was in the custody of Jefferson County officials, and is essentially complaining that the conditions of his confinement during his transport were unconstitutional. To prevail on such a claim, inmates and pre-

trial detainees[1] must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety.  *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

None of the actions described by Plaintiff in his complaint deprived him of the minimal civilized measure of life's necessities, or constituted a substantial risk of serious harm, and no official was deliberately indifferent to his health or safety.  Although Plaintiff's meals were limited, he still received food and drink at least once a day, and forcing a detainee to relieve himself on the side of the road in cold weather does not demonstrate deliberate indifference to the detainee's health or safety.  Although Plaintiff may have been uncomfortable at times, he indicated that the entire trip lasted less than 48 hours, and he described no real harm as a result of any of the conditions he experienced during his transport from Arizona to the detention center in Jefferson County.  In short, although the conditions may have been somewhat disagreeable, they did not, for the limited time Plaintiff experienced them, rise to the level of a constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(constitution does not mandate comfortable prisons, although it does prohibit inhumane ones).

---

[1] It appears that Plaintiff was a pre-trial detainee at the time of the transport.  A pretrial detainee's constitutional claims arise under the Fourteenth Amendment, but courts apply the Eighth Amendment deliberate indifference standard.  *See Hartsfield v. Colburn*, 371 F.3d 454, 456-57 (8th Cir. 2004) (pretrial detainees' claims arise under Fourteenth Amendment; they are entitled to at least as much protection as afforded under Eighth Amendment); *Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993) (per curiam) (punishment of pretrial detainee prior to adjudication of guilt constitutes due process violation, but deliberate indifference standard applied to pretrial detainee's inadequate medical care claim).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.	This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   7   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE